NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000527
29-JUN-2012
08:34 AM**

NO. CAAP-11-0000527

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRIAN STONE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-10-06603)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Brian Stone (Stone) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment entered on June 14, 2011 by the District Court of the First Circuit, Honolulu Division (district court).[1] Stone was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a)(1) and/or (a)(3) (Supp. 2011).[2] The oral

---

[1]  The Honorable William Cardwell presided.

[2]  HRS § 291E-61(a)(1) and (a)(3) provide as follows:

§291E-61 **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)   While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(continued...)

arraignment similarly charged him with violating HRS §§ 291E-61(a)(1) and/or (a)(3).[3] The district court convicted Stone as charged.

On appeal, Stone contends that the district court erred in denying his oral motion to dismiss the case because the charge was insufficient for failing to allege that he committed the OVUII offense intentionally, knowingly, or recklessly. He further contends that because his motion to dismiss was improperly denied, the district court erred in convicting him.

In State v. Nesmith, ___ Haw. ___, 276 P.3d 617 (2012), the Hawaiʻi Supreme Court recently held that: (1) *mens rea* must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation; and (2) *mens rea* need not be alleged (or proven) in a charge asserting a violation of HRS § 291E-61(a)(3), because the legislative intent to impose absolute liability for an HRS § 291E-61(a)(3) offense plainly appears. Nesmith ___ Haw. ___, 276 P.3d 617; see also State v. Yamahata, No. SCWC-30718, 2012 WL 1571382 (Haw. May 3, 2012) (SDO); State v. Flynn, No. SCWC-10-0000245, 2012 WL 1560666 (Haw. May 1, 2012) (SDO); State v. Daniels, No. SCWC-10-0000243, 2012 WL 1560656 (Haw. April 30, 2012) (SDO); State v. Shinsato, No. SCWC-30720, 2012 WL 1560663 (Haw. April 30, 2012) (SDO); State v. Padilla, No. SCWC-30719, 2012 WL 1560660 (Haw. April 30, 2012) (SDO).

---

[2](...continued)

. . . .

    (3)    With .08 or more grams of alcohol per two
    hundred ten liters of breath[.]

[3]    Stone's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(3), which requires appellants to present "[a] concise statement of the case . . . and the facts material to consideration of the questions and points presented[.]" Stone omits from his quotation of the oral charge the allegation that he violated HRS §§ 291E-61(a)(1) and/or (a)(3), and represents that it only alleged he violated HRS § 291E-61(a)(1). Stone's counsel is warned that, pursuant to HRAP Rule 51, future non-compliance with HRAP Rule 28(b)(3) may result in sanctions.

Accordingly, the district court erred in holding that *mens rea* need not be alleged in an HRS § 291E-61(a)(1) charge because Stone's § 291E-61(a)(1) charge was deficient for failing to allege *mens rea*.

The district court, however, adjudged Stone guilty of violating both HRS §§ 291E-61(a)(1) and (a)(3). Subsections (a)(1) and (a)(3) can each serve as a basis for conviction under § 291E-61. Nesmith, ___ Haw. ___, 276 P.3d at 630. Given that the § 291E-61(a)(3) charge was sufficient, and Stone does not challenge his conviction on any other basis, the error as to § 291E-61(a)(1) was harmless.

Therefore,

IT IS HEREBY ORDERED THAT the District Court of the First Circuit's Notice of Entry of Judgment and/or Order and Plea/Judgment entered on June 14, 2011 is affirmed.

DATED: Honolulu, Hawai'i, June 29, 2012.

On the briefs:

Kaupena F. Soon,
Deputy Public Defender
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge